IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHELSIE POLZINE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-03198 |
| | § | |
| MARRIOTT HOTEL SERVICES, INC.; | § | |
| and KEVIN ELLIS, | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S MOTIONS IN LIMINE #1-4**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Chelsie Polzine, "Plaintiff" in the above-entitled and -numbered cause of action and, before commencement of voir dire examination of the jury panel, respectfully moves that counsel for the defense and any and all defense witnesses, be instructed by an appropriate Order of this Honorable Court to refrain from mentioning or referring to, directly or indirectly, in any manner whatsoever, any of the matters set forth herein, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of prospective jurors or jurors ultimately selected in this case, regarding any alleged theory of admissibility of such matters. Plaintiff would show the Court that the matters set out herein would be inadmissible for any purpose on proper and timely objection, and they have no bearing on the issues in this case or the rights of the parties to this suit. Permitting interrogation of the witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would only serve

to prejudice the jury; to the contrary, it would reinforce the impact of such prejudicial matters on the jurors. The following matters would not be admissible for any purpose in this case.

# 1.
# PLAINTIFF'S UNRELATED SEXUAL CONDUCT OR SEXUAL PREDISPOSITION (Fed. R. Evid. 412)

Any reference to Plaintiff's "other sexual conduct," "specific instances of [her] sexual behavior," and/or her "sexual predisposition."

\*\*\*

**Fed. R. Evid. 412. "Sex-Offense Cases: The Victim":**

**(a) Prohibited Uses.** The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

   **(1)** evidence offered to prove that a victim engaged in other sexual behavior; or

   **(2)** evidence offered to prove a victim's sexual predisposition.

**(b) Exceptions.**

   **(1)** *Criminal Cases*. The court may admit the following evidence in a criminal case:

      **(A)** evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

      **(B)** evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

      **(C)** evidence whose exclusion would violate the defendant's constitutional rights.

   **(2)** *Civil Cases*. In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

**(c) Procedure to Determine Admissibility.**

   **(1)** *Motion*. If a party intends to offer evidence under Rule 412(b), the party must:

**(A)** file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

**(B)** do so at least 14 days before trial unless the court, for good cause, sets a different time;

**(C)** serve the motion on all parties; and

**(D)** notify the victim or, when appropriate, the victim's guardian or representative.

**(2) *Hearing*.** Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

**(d) Definition of "Victim."** In this rule, "victim" includes an alleged victim.

***

This provision of the Federal Rules of Evidence is often identified as the federal "rape shield" law, and it encompasses both civil and criminal proceedings. As the case at bar is a civil matter, there is no constitutional right of a criminal defendant at issue, the potential harm to the Defendants is the loss of money rather than a loss of freedom, and, thus, the Court's ability to admit such evidence is understandably limited:

> "[T]he court *may* admit evidence offered to prove a victim's sexual behavior or sexual predisposition *if* <u>its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party</u>. The court *may* admit evidence of a victim's reputation <u>only if the victim has placed it in controversy</u>."

*Fed. R. Evid. 412(b)(2)* (emphasis added).

Moreover, if Defendants believe they can satisfy this exceptionally high legal standard, <u>see "Advisory Committee" Notes below</u>, then Fed. R. Evid. 412(c)(2) requires the Court to conduct an *in camera* hearing before admitting any evidence offered under the limitations of Fed. R. Civ. P. 412(b), and such a hearing may be had only after Defendants have satisfied all the procedural requirements of Fed. R. Civ. P. 412(c)(1)(A-D).

**NOTES OF ADVISORY COMMITTEE ON RULES—1994 AMENDMENT**

Rule 412 has been revised to diminish some of the confusion engendered by the original rule and to expand the protection afforded alleged victims of sexual misconduct. Rule 412 applies to both civil and criminal proceedings. The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.

The revised rule applies in all cases involving sexual misconduct without regard to whether the alleged victim or person accused is a party to the litigation. Rule 412 extends to "pattern" witnesses in both criminal and civil cases whose testimony about other instances of sexual misconduct by the person accused is otherwise admissible. When the case does not involve alleged sexual misconduct, evidence relating to a third-party witness' alleged sexual activities is not within the ambit of Rule 412. The witness will, however, be protected by other rules such as Rules [404](#) and [608](#), as well as Rule 403.

The terminology "alleged victim" is used because there will frequently be a factual dispute as to whether sexual misconduct occurred. It does not connote any requirement that the misconduct be alleged in the pleadings. Rule 412 does not, however, apply unless the person against whom the evidence is offered can reasonably be characterized as a "victim of alleged sexual misconduct." When this is not the case, as for instance in a defamation action involving statements concerning sexual misconduct in which the evidence is offered to show that the alleged defamatory statements were true or did not damage the plaintiff's reputation, neither Rule 404 nor this rule will operate to bar the evidence; Rule 401 and 403 will continue to control. Rule 412 will, however, apply in a Title VII action in which the plaintiff has alleged sexual harassment.

The reference to a person "accused" is also used in a non-technical sense. There is no requirement that there be a criminal charge pending against the person or even that the misconduct would constitute a criminal offense. Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412. However, this evidence is subject to the requirements of Rule 404.

*Subdivision (a)*. As amended, Rule 412 bars evidence offered to prove the victim's sexual behavior and alleged sexual predisposition. Evidence, which might

otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609, or some other evidence rule, must be excluded if Rule 412 so requires. The word "other" is used to suggest some flexibility in admitting evidence "intrinsic" to the alleged sexual misconduct. *Cf.* Committee Note to 1991 amendment to Rule 404(b).

Past sexual behavior connotes all activities that involve actual physical conduct, i.e. sexual intercourse and sexual contact, or that imply sexual intercourse or sexual contact. *See, e.g., United States v. Galloway*, 937 F.2d 542 (10th Cir. 1991), *cert. denied*, 113 S.Ct. 418 (1992) (use of contraceptives inadmissible since use implies sexual activity); *United States v. One Feather*, 702 F.2d 736 (8th Cir. 1983) (birth of an illegitimate child inadmissible); *State v. Carmichael*, 727 P.2d 918, 925 (Kan. 1986) (evidence of venereal disease inadmissible). In addition, the word "behavior" should be construed to include activities of the mind, such as fantasies or dreams. *See* 23 C. Wright & K. Graham, Jr., *Federal Practice and Procedure*, §5384 at p. 548 (1980) ("While there may be some doubt under statutes that require 'conduct,' it would seem that the language of Rule 412 is broad enough to encompass the behavior of the mind.").

The rule has been amended to also exclude all other evidence relating to an alleged victim of sexual misconduct that is offered to prove a sexual predisposition. This amendment is designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder. Admission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking. Consequently, unless the (b)(2) exception is satisfied, evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible.

The introductory phrase in subdivision (a) was deleted because it lacked clarity and contained no explicit reference to the other provisions of law that were intended to be overridden. The conditional clause, "except as provided in subdivisions (b) and (c)" is intended to make clear that evidence of the types described in subdivision (a) is admissible only under the strictures of those sections.

The reason for extending the rule to all criminal cases is obvious. The strong social policy of protecting a victim's privacy and encouraging victims to come forward to report criminal acts is not confined to cases that involve a charge of sexual assault. The need to protect the victim is equally great when a defendant is charged with kidnapping, and evidence is offered, either to prove motive or as background, that the defendant sexually assaulted the victim.

The reason for extending Rule 412 to civil cases is equally obvious. The need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage

victims to come forward when they have been sexually molested do not disappear because the context has shifted from a criminal prosecution to a claim for damages or injunctive relief. There is a strong social policy in not only punishing those who engage in sexual misconduct, but in also providing relief to the victim. Thus, Rule 412 applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment.

*Subdivision (b)*. Subdivision (b) spells out the specific circumstances in which some evidence may be admissible that would otherwise be barred by the general rule expressed in subdivision (a). As amended, Rule 412 will be virtually unchanged in criminal cases, but will provide protection to any person alleged to be a victim of sexual misconduct regardless of the charge actually brought against an accused. A new exception has been added for civil cases.

In a criminal case, evidence may be admitted under subdivision (b)(1) pursuant to three possible exceptions, provided the evidence also satisfies other requirements for admissibility specified in the Federal Rules of Evidence, including Rule 403. Subdivisions (b)(1)(A) and (b)(1)(B) require proof in the form of specific instances of sexual behavior in recognition of the limited probative value and dubious reliability of evidence of reputation or evidence in the form of an opinion.

Under subdivision (b)(1)(A), evidence of specific instances of sexual behavior with persons other than the person whose sexual misconduct is alleged may be admissible if it is offered to prove that another person was the source of semen, injury or other physical evidence. Where the prosecution has directly or indirectly asserted that the physical evidence originated with the accused, the defendant must be afforded an opportunity to prove that another person was responsible. *See United States v. Begay*, 937 F.2d 515, 523 n. 10 (10th Cir. 1991). Evidence offered for the specific purpose identified in this subdivision may still be excluded if it does not satisfy Rules 401 or 403. *See, e.g., United States v. Azure*, 845 F.2d 1503, 1505–06 (8th Cir. 1988) (10 year old victim's injuries indicated recent use of force; court excluded evidence of consensual sexual activities with witness who testified at in camera hearing that he had never hurt victim and failed to establish recent activities).

Under the exception in subdivision (b)(1)(B), evidence of specific instances of sexual behavior with respect to the person whose sexual misconduct is alleged is admissible if offered to prove consent, or offered by the prosecution. Admissible pursuant to this exception might be evidence of prior instances of sexual activities between the alleged victim and the accused, as well as statements in which the alleged victim expressed an intent to engage in sexual intercourse with the accused, or voiced sexual fantasies involving the specific accused. In a prosection [sic] for child sexual abuse, for example, evidence of uncharged sexual activity between the accused and the alleged victim offered by the prosecution may be admissible pursuant to Rule 404(b) to show a pattern of behavior.

Evidence relating to the victim's alleged sexual predisposition is not admissible pursuant to this exception.

Under subdivision (b)(1)(C), evidence of specific instances of conduct may not be excluded if the result would be to deny a criminal defendant the protections afforded by the Constitution. For example, statements in which the victim has expressed an intent to have sex with the first person encountered on a particular occasion might not be excluded without violating the due process right of a rape defendant seeking to prove consent. Recognition of this basic principle was expressed in subdivision (b)(1) of the original rule. The United States Supreme Court has recognized that in various circumstances a defendant may have a right to introduce evidence otherwise precluded by an evidence rule under the Confrontation Clause. *See, e.g., Olden v. Kentucky*, [488 U.S. 227 (1988)](#) (defendant in rape cases had right to inquire into alleged victim's cohabitation with another man to show bias).

Subdivision (b)(2) governs the admissibility of otherwise proscribed evidence in civil cases. It employs a balancing test rather than the specific exceptions stated in subdivision (b)(1) in recognition of the difficulty of foreseeing future developments in the law. Greater flexibility is needed to accommodate evolving causes of action such as claims for sexual harassment.

The balancing test requires the proponent of the evidence, whether plaintiff or defendant, to convince the court that the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party." This test for admitting evidence offered to prove sexual behavior or sexual propensity in civil cases differs in three respects from the general rule governing admissibility set forth in Rule 403. First, it reverses the usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence. Second, the standard expressed in subdivision (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweigh the specified dangers. Finally, the Rule 412 test puts "harm to the victim" on the scale in addition to prejudice to the parties.

Evidence of reputation may be received in a civil case only if the alleged victim has put his or her reputation into controversy. The victim may do so without making a specific allegation in a pleading. *Cf*. [Fed.R.Civ.P. 35](#) (a).

*Subdivision (c)*. Amended subdivision (c) is more concise and understandable than the subdivision it replaces. The requirement of a motion before trial is continued in the amended rule, as is the provision that a late motion may be permitted for good cause shown. In deciding whether to permit late filing, the court may take into account the conditions previously included in the rule: namely whether the evidence is newly discovered and could not have been

obtained earlier through the existence of due diligence, and whether the issue to which such evidence relates has newly arisen in the case. The rule recognizes that in some instances the circumstances that justify an application to introduce evidence otherwise barred by Rule 412 will not become apparent until trial.

The amended rule provides that before admitting evidence that falls within the prohibition of Rule 412(a), the court must hold a hearing in camera at which the alleged victim and any party must be afforded the right to be present and an opportunity to be heard. All papers connected with the motion and any record of a hearing on the motion must be kept and remain under seal during the course of trial and appellate proceedings unless otherwise ordered. This is to assure that the privacy of the alleged victim is preserved in all cases in which the court rules that proffered evidence is not admissible, and in which the hearing refers to matters that are not received, or are received in another form.

The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed.R.Civ.P. 26. In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed.R.Civ.P. 26 (c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-work place conduct will usually be irrelevant. *Cf. Burns v. McGregor Electronic Industries, Inc.*, 989 F.2d 959, 962–63 (8th Cir. 1993) (posing for a nude magazine outside work hours is irrelevant to issue of unwelcomeness of sexual advances at work). Confidentiality orders should be presumptively granted as well.

One substantive change made in subdivision (c) is the elimination of the following sentence: "Notwithstanding subdivision (b) of Rule 104, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue." On its face, this language would appear to authorize a trial judge to exclude evidence of past sexual conduct between an alleged victim and an accused or a defendant in a civil case based upon the judge's belief that such past acts did not occur. Such an authorization raises questions of invasion of the right to a jury trial under the Sixth and Seventh Amendments. *See* 1 S. Saltzburg & M. Martin, *Federal Rules Of Evidence Manual*, 396–97 (5th ed. 1990).

The Advisory Committee concluded that the amended rule provided adequate protection for all persons claiming to be the victims of sexual misconduct, and that it was inadvisable to continue to include a provision in the rule that has been confusing and that raises substantial constitutional issues.

[The Supreme Court withheld that portion of the proposed amendment to Rule 412 transmitted to the Court by the Judicial Conference of the United States which would apply that Rule to civil cases. This Note was not revised to account for the Court's action, because the Note is the commentary of the advisory committee. The proposed amendment to Rule 412 was subsequently amended by section 40141(b) of Pub. L. 103–322. See below.]

### Congressional Modification of Proposed 1994 Amendment

Section 40141(a) of Pub. L. 103–322 [set out as a note under section 2074 of this title] provided that the amendment proposed by the Supreme Court in its order of Apr. 29, 1994, affecting Rule 412 of the Federal Rules of Evidence would take effect on Dec. 1, 1994, as otherwise provided by law, and as amended by section 40141(b) of Pub. L. 103–322. See 1994 Amendment note below.

### Committee Notes on Rules—2011 Amendment

The language of Rule 412 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.

### Amendment by Public Law

**1994** —Pub. L. 103–322 amended rule generally. Prior to amendment, rule contained provisions relating to the relevance and admissibility of a victim's past sexual behavior in criminal sex offense cases under chapter 109A of Title 18, Crimes and Criminal Procedure.

**1988** —Pub. L. 100–690, §7046(a)(1), substituted "Sex Offense" for "Rape" in catchline.

Subd. (a). Pub. L. 100–690, §7046(a)(2), (3), substituted "an offense under chapter 109A of title 18, United States Code" for "rape or of assault with intent to commit rate" and "such offense" for "such rape or assault".

Subd. (b). Pub. L. 100–690, §7046(a)(2), (5), substituted "an offense under chapter 109A of title 18, United States Code" for "rape or of assault with intent to commit rape" in introductory provisions and "such offense" for "rape or assault" in subd. (b)(2)(B).

Subds. (c)(1), (d). Pub. L. 100–690, §7046(a)(4), substituted "an offense under chapter 109A of title 18, United States Code" for "rape or assault with intent to commit rape".

**2.**
**PLAINTIFF'S CHARACTER OR OTHER ACTS (Fed. R. Evid. 404)**

Any reference to specific instances of Plaintiff's conduct (or the conduct of any witness called by or for Plaintiff), for the purpose of attacking credibility and/or character, including Plaintiff's use of alcohol or drugs and any associated history of intoxication or blackouts, if any. Although Plaintiff was clearly intoxicated to the point of unconsciousness on the night in question, her intoxication warranted <u>added</u> protection of her health and safety, and most certainly did not cause or contribute to cause the events made the basis of this lawsuit, i.e. (1) Defendant-Marriott to wrongfully issue Plaintiff's room key to Defendant-Ellis and/or Mr. Esene and provide them with a wheelchair to take her up to her room while she was passed out; or (2) Defendant-Ellis to return to the hotel and sexually assault Plaintiff after Defendant-Ellis and Mr. Esene had left her safely in her room and then left the property in their respective vehicles.

> NOTE: Defendant-Ellis and Mr. Esene have both provided testimony establishing that, when they put Plaintiff in her room on the night in question, she was too intoxicated to give sexual consent to them or anyone else. <u>See, e.g.,</u> *Deposition of Kevin Ellis* at 204:1-25; *Deposition of Barry Esene* at 62:6-11; 67:18-25; 69:16-23; 70:10-22; 76:2-11; 75:9-13; 85:20-86:16; 141:4-12; 123:12-25; 184:13-186:17.

"Evidence, which might otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609, or some other evidence rule, must be excluded if Rule 412 so requires." *Fed. R. Evid. 412 "Notes of Advisory Committee on Rules – 1994 Amendment"* (above).

It is undisputed that Plaintiff was highly intoxicated and "blacked out" at the time of the alleged sexual assault, thus any prior history of intoxication or black outs is of little or no

10

probative value and is highly prejudicial to Plaintiff. Therefore, the probative value of such evidence, if any, is greatly outweighed by the prejudicial effect of its admission. *Fed. R. Evid. 412(b)(2) & 403.*

**3.**
**PLAINTIFF'S HABITS OR ROUTINE (Fed. R. Evid. 406)**

Any reference to Plaintiff's personal habits, including alcohol and/or drug habits, if any, since such habits, if any, may or may not be causally related to Plaintiff's intoxication on the night in question, but her intoxication, if any, did not cause or contribute to cause the incidents made the basis of this lawsuit, i.e. (1) Defendant-Marriott to wrongfully issue Plaintiff's room key to Defendant-Ellis and/or Mr. Esene and provide them with a wheelchair to take her up to her room while she was passed out; or (2) Defendant-Ellis to return to the hotel and sexually assault Plaintiff after Defendant-Ellis and Mr. Esene had left her safely in her room and then left the property in their respective vehicles.

> NOTE: Defendant-Ellis and Mr. Esene have both provided testimony establishing that, when they put Plaintiff in her room on the night in question, she was too intoxicated to give sexual consent to them or anyone else. See, e.g., *Deposition of Kevin Ellis* at 204:1-25; *Deposition of Barry Esene* at 62:6-11; 67:18-25; 69:16-23; 70:10-22; 76:2-11; 75:9-13; 85:20-86:16; 141:4-12; 123:12-25; 184:13-186:17.

"Evidence, which might otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609, or some other evidence rule, must be excluded if Rule 412 so requires." *Fed. R. Evid. 412 "Notes of Advisory Committee on Rules – 1994 Amendment"* (above).

It is undisputed that Plaintiff was highly intoxicated on the evening in question and there is no evidence that she had been drugged – by her own hand or by others -- on the evening of the alleged sexual assault. While evidence of her intoxication on the night in question, and the fact that her intoxication was the result of her drinking only and was not due to her being

drugged, is relevant and admissible in this case, any instances of prior alcohol use, drug use or intoxication from either source is of little or no probative value and is highly prejudicial to Plaintiff. Therefore, the probative value of such evidence, if any, is greatly outweighed by the prejudicial effect of its admission. *Fed. R. Evid. 412(b)(2) & 403.*

**4.**
**DEFENDANT-ELLIS' ARREST, CHARGE OR CONVICTION, OR THE LACK THEREOF**

Any reference to whether or not Defendant-Ellis was arrested, charged, indicted or prosecuted for any offense in connection the alleged sexual assault made the basis of this civil case. NOTE: Either in the Charge of the Court (prior to jury deliberations) or after the jury asks whether Defendant-Ellis was charged with criminal sexual assault (during their deliberations), the following instruction or a similar instruction would be required: "You are not to consider whether criminal charges are involved."

First, just as any arrest, charge, indictment or prosecution are hearsay, *Fed. R. Evid. 801(a, d),* so too is the lack of any arrest, charge, indictment or prosecution. Under Fed. R. Evid. 801(a), a "statement" includes "nonverbal conduct that a person intended as a substitute for verbal expression." Hearsay is inadmissible. *Fed. R. Evid. 802.* If the prosecuting attorney or grand jury -- if the case was submitted to a grand jury -- did not bring charges against the Defendants herein, the prosecutor and/or the grand jury either made oral or written verbal expressions, or they engaged in nonverbal conduct by not authorizing/bringing charges as a substitute for their verbal expression of such intent to not charge. NOTE: Under Fed. R. Evid. 801(b), hearsay includes not only matters a declarant explicitly asserted, but also other matters implied by the (verbal or non-verbal) "statement," if the probative value of the statement as offered flows from the declarant's belief about the matter.

Second, any possible probative value of the lack of any arrest, charge, indictment or prosecution is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *Fed. R. Evid. 403.* The fact that the lack of DNA evidence on Plaintiff's body – which can be explained by the assailant's use of a condom, his failure to ejaculate due to his own intoxication or otherwise, his ejaculating outside of Plaintiff's body (which evidence was removed when Plaintiff showered and/or when Defendant-Marriott's cleaning staff changed the bedding while Plaintiff was at the ER being examined for sexual assault), Plaintiff's multiple showers when she awoke feeling ill, her urinations, etc., as described by the independent sexual assault examiner, Nurse Gleason -- and the fact that her intoxication to the point of unconsciousness prevented her from testifying as to her sexual assault, may have deterred the Harris County District Attorney from bringing criminal charges against Defendant-Ellis. However, the fact that Defendant-Ellis has not yet been charged with the sexual assault of Plaintiff under the criminal standard of proof (i.e., "proof beyond a reasonable doubt") is not relevant to the jury's assessment of the substantial amount of circumstantial evidence against Defendant-Ellis and the utility of such valuable evidence to the fact finder in reaching a verdict under the civil standard of proof of "preponderance of the evidence." Thus, the prejudicial effect of the District Attorney's unwillingness to charge and prosecute Defendant-Ellis with criminal sexual assault (undoubtably due to the much higher burden of proof in a criminal case) substantially outweighs any alleged probative value of such evidence and, under Fed. R. Evid. 403, such evidence should be excluded.

Finally, Fed. R. Evid. 404(b) prohibits the introduction of other crimes to prove the defendant acted in conformity with his or her bad character. Similarly, the Defendants should

13

not be allowed to mention or offer evidence of the fact that Defendant-Ellis has *not* been charged with or prosecuted for a crime to prove that Defendant-Ellis did *not* sexually assault Plaintiff as claimed in the instant civil case. In truth, Defendant has not been tried and acquitted by a jury of his peers, under either the criminal or civil standards of proof, and he has merely been lucky enough to avoid charges thus far.

Respectfully submitted,

| | |
|---|---|
| R. Blake Brunkenhoefer | Richard L. Eddington |
| Texas Bar No. 00783739 | Texas Bar No. 0640700 |
| S. Dist. of Texas I.D. 15559 | S. Dist. Bar No. 2234 |
| bbrunk@brunklaw.com | EDDINGTON LAW FIRM |
| BRUNKENHOEFER, P.C. | rick@eddington.law |
| 500 N. Shoreline Blvd., Suite 1100 | 1665 Grant Street, 1st Floor |
| Corpus Christi, Texas 78401-0354 | Denver, Colorado 80203 |
| (361) 888-8808 | (303) 815-1585 |
| (361) 888-5855 (fax) | (720) 420-4515 (fax) |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

By: s/ R. Blake Brunkenhoefer
R. Blake Brunkenhoefer

## CERTIFICATE OF CONSULTATION

I, R. Blake Brunkenhoefer, do hereby certify that I have discussed the merits of these motions with all opposing counsel of record, and all are opposed hereto. Thus, the issues raised herein cannot be resolved without the assistance of the Court.

s/R. Blake Brunkenhoefer
R. Blake Brunkenhoefer

**CERTIFICATE OF SERVICE**

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 8th day of June, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by certified mail, return receipt requested as necessary. Parties may access this filing through the Court's electronic filing system.

                                                        s/R. Blake Brunkenhoefer
                                                        R. Blake Brunkenhoefer